NOT YET SCHEDULED FOR ORAL ARGUMENT

U.S. COURT OF APPEALS FOR THE
DISTRICT OF COLUMBIA CIRCUIT

American Fuel and Petrochemical Manufacturers, et al.,

Petitioners,

v.

U.S. Environmental Protection Agency and Administrator Lee Zeldin, in his official capacity,

Respondents,

and

State of California, et al.,

Proposed Intervenor-Respondents.

No. 25-1084

**EPA's Unopposed Motion to Hold Case in Abeyance**

EPA moves the Court to hold this case in abeyance until June 20, 2025 to allow new agency leadership to review the underlying action. Petitioners American Fuel and Petrochemical Manufacturers and Energy Marketers of America ("Petitioners") and Proposed Intervenor-Respondent American Lung Association and Coalition for Clean Air consent to this request. Proposed

Intervenor-Respondent the State of California ("California") takes no position on this request.

The petition for review challenges EPA's action, "California State Nonroad Engine Pollution Control Standards; Small Off-Road Engines Regulations; Notice of Decision," 90 Fed. Reg. 640 (Jan. 6, 2025) ("the Rule"). There are currently three petitions challenging the Rule, one in the D.C. Circuit and two in the Ninth Circuit.

On February 10, 2025, Outdoor Power Equipment Institute ("the Institute") filed a petition in the Ninth Circuit. Petition, *Outdoor Power Equip. Inst. v. EPA,* No. 25-881 (9th Cir. Feb. 10, 2025), Dkt. No. 1.1. The Institute also filed an administrative petition for reconsideration with EPA. On February 19, 2025, EPA moved unopposed for a 120-day abeyance of Case No. 25-881. *Id.* at Dkt. No. 9.1. The Ninth Circuit granted the request, staying proceedings until June 20, 2025. *Id.* at Dkt. No. 18.1.

On March 7, 2025, Petitioners filed this petition in the D.C. Circuit and a "protective petition" in the Ninth Circuit. *See* Petition, *Am. Fuel & Petrochem. Mfrs.*, No. 25-1481 (9th Cir. Mar. 7, 2025), Dkt. No. 1.1. California has moved to intervene in all three cases. American Lung Association and Coalition for Clean Air have moved to intervene in this case and Case No. 25-881 in the Ninth Circuit.

EPA now moves this Court for the same relief it sought from the Ninth Circuit. As the Court is aware, a new administration took office on January 20, 2025. EPA thus needs time to brief new administration officials about these cases, the petition for reconsideration, and the underlying action to allow them to decide what action, if any, is necessary. To do so in an orderly and deliberate way, EPA requests that the Court abate proceedings until June 20, 2025, including staying any responses to American Lung Association and Coalition for Clean Air's intervention motion,[1] consistent with the Ninth Circuit's ruling. *See* No. 25-881 at Dkt. Nos. 18.1, 19.1.

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 253-254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 US. at 256.

Abeyance is warranted here. For one thing, courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42

[1] Petitioners and American Lung Association and Coalition for Clean Air do not oppose the request to stay responses to the intervention motion, and California takes no position on this request.

(1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] that an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances." (internal quotation marks omitted)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

Courts routinely grant stays or abeyance in circumstances like those presented here, where a new administration seeks to review prior actions. *See, e.g.*, Order & Mot. for a 90-Day Stay of Oral Arg., *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021 & Jan. 28, 2021), Doc. Nos. 1883880, 1882301 (rescheduling oral argument at EPA's request to accommodate change of administration); Order & Mot. to Hold Cases in Abeyance, *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017 & Apr. 7, 2017), Doc. Nos. 1675813, 1670157 (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order & Mot. to Hold Cases in Abeyance, *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017 & Mar. 28,

2017), Doc. Nos. 1673071, 1668274 (abating challenges to Clean Power Plan rule following change of administration).

Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

Petitioners and Proposed Intervenor-Respondents would not be prejudiced by the requested abeyance and do not oppose the relief sought herein.

For these reasons, the Court should place this matter in abeyance until June 20, 2025, with motions to govern due at the end of that period.

* * *

Submitted on March 28, 2025.

/s/ *Lucy E. Brown*

Lucy E. Brown
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
202.598.1868
Lucy.E.Brown@usdoj.gov

**Certificates of Service and Compliance**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 936 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on March 28, 2025, I filed the foregoing with the Court's CMS/ECF system, which will notify each represented party.

/s/ *Lucy E. Brown*
Lucy E. Brown